[Cite as *State v. Daley*, 2011-Ohio-3584.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95689

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN DALEY

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534962

**BEFORE:**  Jones, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**  July 21, 2011

**ATTORNEYS FOR APPELLANT**

Dennis N. Loconti
Connick & Associates Co., L.P.A.
Northpoint Tower, Suite 1720
1001 Lakeside Avenue
Cleveland, Ohio 44114

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
        Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

American Civil Liberties Union

BY: Carie L. Davis
        Melvyn R. Durchslag
        James L. Hardiman
Max Wohl Civil Liberties Center
4506 Chester Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Marc D. Bullard
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

**{¶ 1}** Defendant-appellant, John Daley, appeals from the trial court's judgment finding him incompetent to stand trial, ordering that he be hospitalized for restoration to competency, and ordering that he be treated with antipsychotic medication if needed. We reverse and remand.

## I. Procedural History and Facts

**{¶ 2}** Daley was charged in March 2010 with retaliation, intimidation, aggravated menacing, menacing, and telecommunications harassment. The charges stemmed from allegedly threatening voicemail messages left by Daley on the telephone messaging system of an employee of the Cuyahoga County Support Enforcement Agency ("CSEA"). The charges also stemmed from an allegedly threatening letter written by Daley to the CSEA employee.

**{¶ 3}** The trial court referred Daley to the court's psychiatric clinic for a competency evaluation and a hearing was held on same. The evaluating psychiatrist, Dr. Stephen Noffsinger, diagnosed Daley with psychotic disorder, not otherwise specified, and opined that Daley was not competent to stand trial because he was not able to assist in his defense. Daley declined an independent evaluation.[1]

---

[1] The trial court's docket shows that during the pendency of this appeal Daley filed a motion for an independent psychiatric evaluation, which the trial court granted.

**{¶ 4}** Daley testified at the competency hearing that he had been and was able to continue assisting his attorney in his defense. He also testified that his descriptions of the American legal system, such as his description of divorce court as the "high court of Satan," were not meant to hurt anybody, but were based on his religious belief that divorce is against the word of God.

**{¶ 5}** At the conclusion of the hearing, the trial court found Daley incompetent to stand trial and ordered him hospitalized for restoration to competency. The trial court also ordered that Daley be treated with antipsychotic medication if needed.

**{¶ 6}** Daley raises two assignments of error for our review:

"[I.] The trial court erred in finding that the defendant is not competent to stand trial and ordering him transferred to Northcoast Behavioral Healthcare for restoration to competency, including its finding that treatment with antipsychotic medication is medically appropriate, in the defendant's best interest and is the least restrictive intervention to restore him to competency.

"[II.] The trial court erred and deprived appellant of his right under the Fifth Amendment to the United States Constitution to due process of law when it ordered forced medication."

**{¶ 7}** The American Civil Liberties Union of Ohio Foundation, Inc. ("ACLU"), as a friend of the court, raises two assignments of error for our review:

"[I.] Appellant's religious beliefs, no matter how unorthodox, are protected by the First Amendment to the United States Constitution and Article I §7 of the Ohio Constitution and therefore cannot be the sole basis upon which to base a finding of incompetence.

"[II.] The trial court erred and deprived appellant of his right under the Fifth Amendment to the United States Constitution to due process of law when it ordered his forced medication."

## II.   Law and Analysis

**{¶ 8}** We consider Daley's and the ACLU's first assignments of error together. R.C. 2945.37 provides in relevant part as follows:

> "(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. * * *

> "***

> "(G) A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code."

**{¶ 9}** An appellate court will not disturb a competency determination if there was "some reliable, credible evidence supporting the trial court's conclusion." *State v. Williams* (1986), 23 Ohio St.3d 16, 19, 490 N.E.2d 906. The adequacy of the "data relied upon by the expert who examined the [defendant] is a question for the trier of fact." Id.

**{¶ 10}** In *In re Milton* (1987), 29 Ohio St.3d 20, 23-24, 505 N.E.2d 255, the Ohio Supreme Court stated:

> "The First Amendment to the United States Constitution and Section 7, Article I of the Ohio Constitution safeguard an individual's freedom to both choose and employ religious beliefs and practices. See *Bd. of Edn. of Cincinnati v. Minor* (1872), 23 Ohio St. 211, 250. A person's religious beliefs are protected absolutely. *Cantwell v. Connecticut* (1940), 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213. The state may not interfere with the expression of belief, nor may it 'compel behavior offensive to religious principles.' (Emphasis deleted.) *School Dist. of Abington Twp. v. Schempp* (1963), 374 U.S. 203, 250, 83 S.Ct. 1560, 1586, 10 L.Ed.2d 844 (Brennan, J., concurring)."

{¶ 11} Upon review, we do not find that there was "some reliable, credible evidence supporting the trial court's conclusion" that Daley was incompetent. Rather, Dr. Noffsinger's opinion that Daley was incompetent, formulated after an hour and ten-minute evaluation, was based solely on Daley's religious beliefs. Specifically, Dr. Noffsinger opined that Daley, a "radical Christian," "expresses such extreme intensity of religious belief in very unorthodox religious beliefs to the point to constitute psychosis." Noffsinger further testified that treating Daley would "change his psychotic symptoms of which are a religious theme[,]" so that his "intensity and [ ] preoccupation with his religious beliefs will be greatly decreased."

{¶ 12} Daley's religious beliefs are constitutionally protected, however. Because the record demonstrates that Dr. Noffsinger's diagnosis was based solely on Daley's religious beliefs, we find that the trial court erred in finding him incompetent.

{¶ 13} In light of the above, Daley's and the ACLU's first assignments of error are sustained. Given our disposition of each of the first assignments of error, the second assignments of error are moot and we do not address them. See App.R. 12(A)(1)(c).

Judgment reversed; case remanded to trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J. SWEENEY, J., CONCUR